Ralph YOUNG, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8805–CR–511.

Supreme Court of Indiana.

May 3, 1989.

William L. Soards, Soards, Carroll & Fruechtenicht, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Voluntary Manslaughter, a Class B felony, for which he received a sentence of fifteen (15) years, and the Crime of Carrying a Handgun Without a License, a Class A misdemeanor, for which appellant received a sentence of one (1) year, the sentences to run concurrently.

The facts are: On March 13, 1987, a group of young men, mostly in their late teens, were having a party at 3463 North Colorado Avenue in Indianapolis. An argument erupted when Darrell Jones, the victim, snatched a hat from another young man. As the victim left the party, several of the partygoers followed him outside the residence. A fight ensued in which the victim was beaten by several others. He finally broke away and ran out of the yard with several persons in pursuit.

One of those in pursuit was appellant, who fired a .38 caliber handgun as the victim was attempting to jump a fence. The bullet struck the victim in the head, inflicting a fatal wound. Appellant ran to his automobile, placed the gun inside, and left the scene. However, shortly thereafter he was apprehended by investigating police officers. While in custody, appellant was given his *Miranda* warnings and signed a waiver of rights form. He was then interrogated and gave a video-taped statement to the police in which he admitted the shooting. Appellant was originally charged with murder; the jury, however, returned a verdict of guilty of manslaughter.

Appellant claims the verdict is not sustained by sufficient evidence. He bases this argument on a claim that the statement given by appellant to the police following his arrest should not have been admitted in evidence and that absent that statement there is insufficient evidence upon which to base a conviction. This Court has stated that the evidence is sufficient if an inference may reasonably be drawn from the evidence which supports the verdict. *Brooks v. State* (1986), Ind., 497 N.E.2d 210.

In the case at bar, several eye-witnesses testified that when the fight erupted in the house, the victim fled pursued by several others, one of which was appellant. The witnesses heard a shot fired and saw appellant put a gun in his automobile and leave the scene. Thus even absent his confession, there was circumstantial evidence from which the jury could conclude that it was in fact appellant who fired the shot that killed the decedent.

Appellant also alleges the trial court erred in allowing State's Exhibit No. 13 to be placed in evidence. State's Exhibit 13 is a lead fragment from a bullet jacket removed from the head of the victim. Appellant objected to the admission of this exhib-

it on the ground that it was not relevant at that point in that it had not been properly tied to the case. However, the trial judge correctly ruled that the fragment could be admitted inasmuch as it had come from the head of the victim. The fragment then was immediately connected to appellant by a ballistics expert who testified that he had test fired the weapon allegedly used by appellant and that the bullet which he obtained from the test firing was compared with the bullet fragment removed from the victim's head, and in his expert opinion, the fragment and the test fired bullet were fired from the same gun. We see no error in the admission of State's Exhibit No. 13.

Appellant claims the trial court erred in overruling his motion for a directed verdict at the close of the State's evidence. However, in view of the foregoing, there is ample evidence in this record to sustain the trial judge's finding that the evidence should go to the jury for their determination. *Dilworth v. State* (1981), Ind., 425 N.E.2d 149; *Boyd v. State* (1981), Ind., 425 N.E.2d 85. The trial court did not err in denying appellant's motion for a directed verdict.

Appellant claims he was denied effective assistance of trial counsel because trial counsel did not attempt to suppress or object to the admission of a video-taped statement made by appellant to police shortly after his arrest. This Court has often stated that we will not reverse a conviction because of performance. of trial counsel unless it is demonstrated that counsel's representation under the test laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 is inadequate. Appellant argues that he was of tender years with no criminal experience and had not finished high school.

The record shows that appellant was nineteen years of age. There is no showing that he lacked the comprehension to understand the warnings which were promptly given him by the police. There is no evidence of any undue pressure on the part of the police nor any reluctance on appellant's part to freely give a statement of what had occurred. There is nothing in this record to demonstrate that any objection on the part of trial counsel would have produced any results favorable to appellant. There is a total absence of anything in this record to indicate that appellant's video-taped statement to the police should have been suppressed. We thus can find no evidence of inadequacy of trial counsel.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.