**Troy Lee SHIELDS, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 45S00–9709–CR–00499.

Supreme Court of Indiana.

Aug. 21, 1998.

Mark A. Bates, Appellate Public Defender, Crown Point, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

The defendant, Troy Lee Shields, appeals his conviction for the November 26, 1996, murder[1] of Lisa Truhn and sentence of sixty-five years. In this direct appeal, he raises three issues: (1) whether the evidence was sufficient to convict the defendant of murder; (2) whether his sixty-five year sentence is improper; and (3) whether his right to counsel was violated. We affirm.

**Sufficiency of the Evidence**

■ The defendant contends that the evidence was insufficient to convict him of murder. An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The evidence favorable to the judgment reveals the following. After Lisa Truhn ("Truhn") failed to attend a family dinner for Thanksgiving, her father notified police. Upon investigation, police discovered Truhn's body in the bathtub of her home, with forty-one knife wounds. An autopsy determined that she died of multiple stab wounds. Following an all-points bulletin for the defendant, police in Oneida, New York, proceeded to watch the home of the defendant's father and observed the defendant and his father driving away from the home. After stopping the car for failing to give a turn signal, police questioned the defendant, who provided a false name, social security number, and date of birth. When the police

asked him why he was lying, the defendant admitted that he was wanted for murder in Indiana. The police placed the defendant under arrest for criminal impersonation, read him the standard rights advisement, secured a waiver of those rights, and obtained a statement from the defendant. In that statement, the defendant admitted to fighting with Truhn and stabbing her repeatedly. It is well-settled that the use of a deadly weapon in a manner likely to cause death or serious injury is sufficient evidence of intent to support a conviction for murder. *Torres v. State,* 673 N.E.2d 472, 473 (Ind.1996) (finding evidence that the defendant stabbed the victim in the chest with a knife sufficient to support a murder conviction). The evidence was sufficient to support the defendant's murder conviction.

■ The defendant alternatively contends that the State failed to disprove his claims of self-defense and sudden heat. Self-defense would have completely absolved the defendant of responsibility, while a finding of sudden heat would have mitigated the offense to voluntary manslaughter. IND.CODE § 35–41–3–2(a) (1993); IND.CODE § 35–42–1–3(b) (1993). Although it is the State's burden to disprove both self-defense and sudden heat once either becomes an issue, the presence of either is a question of fact for the jury. *Taylor v. State,* 681 N.E.2d 1105, 1110 (Ind. 1997) (citations omitted); *Birdsong v. State,* 685 N.E.2d 42, 45 (Ind.1997). Because the jury convicted the defendant of murder, it necessarily rejected any claims of self-defense or sudden heat. As we have found that the evidence was sufficient to support a conviction for murder, there is no error in the jury's rejection of the defendant's claims of self-defense and sudden heat.

**Improper Sentence**

■ The defendant challenges his sentence of sixty-five years and contends that the trial court used improper aggravators and failed to consider applicable mitigators.[2]

---

**1.** IND.CODE § 35–42–1–1 (1993).

**2.** The defendant has also cited cases invoking our review for manifest unreasonableness. This re-

view, under Indiana Appellate Rule 17(B), is separate and distinct from our review of whether the trial court properly followed the law in im-

Sentencing decisions are reviewed only for an abuse of discretion. *Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997); *Birdsong*, 685 N.E.2d at 47.

■ The defendant first contends that the trial court considered an improper aggravating circumstance. The trial court, in its sentencing order, recited the following considerations in imposing an enhanced sentence:

> The reasons for the imposition of the sentence are as follows: Mandatory Considerations: The risk that the defendant will commit another crime is high because the manner of death was particularly brutal. The nature and circumstances of the crime committed are as follows: Defendant got into an argument with his live-in girlfriend and stabbed her repeatedly with a butcher knife until she was dead. The defendant's prior criminal record is as follows: As a juvenile: None. As an adult: Traffic violations. His character is as follows: Dishonest, violent, manipulative....
>
> Aggravating Circumstances: Imposition of a reduced sentence and imposition of probation would depreciate the seriousness of the crime in that the manner of death was particularly brutal. Other: He abused two other women with which he had relationships. He committed two separate acts of theft in making good his escape. He committed perjury to the jury to dispel the fact that he planned the killing in advance.

Record at 92.

The defendant contends that the trial court erred when it considered that the "imposition of a reduced sentence would depreciate the seriousness of the crime" aggravator. He correctly notes that this aggravator may only be used when the trial court indicates that it was considering a reduced sentence. *Ector v. State*, 639 N.E.2d 1014, 1015–16 (Ind.1994). However, one aggravator alone is sufficient to warrant an enhanced sentence. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind.1993). When the trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Blanche v. State*, 690 N.E.2d 709, 715 (Ind.1998).

■ In felony cases, a trial court is not limited to using only the specifically described statutory aggravators in enhancing a sentence. IND.CODE § 35–38–1–7.1(d) (1993); *Johnson v. State*, 687 N.E.2d 345, 347 (Ind. 1997). The defendant's character is a necessary consideration of sentencing and may be used to enhance a presumptive sentence. *Cooper v. State*, 687 N.E.2d 350, 354 (Ind. 1997). Here, the trial court considered the defendant's character as "[d]ishonest, violent, manipulative." Record at 92. The trial court also permissibly considered the defendant's perjury. We have indicated that the failure to give a "fully truthful account[ ] of the crime" is a valid aggravating circumstance. *Brown v. State*, 667 N.E.2d 1115, 1116 (Ind.1996). Finally, the trial court considered the risk that the defendant would commit another crime and the nature and circumstances of the crime, both of which the trial court is required to consider during sentencing, IND.CODE § 35–38–1–7.1(a) (1993), and which, as noted above, it is not precluded from considering under subsection (d). Thus, sufficient, proper aggravating circumstances support the imposition of an enhanced sentence.

■ Second, the defendant claims that the trial court did not consider certain mitigating factors, including his "lack of a criminal record, his cooperation with the New York police in giving a statement, his failure to fight extradition and the victim's inducement of the crime." Brief of Appellant at 13. While a finding of mitigating circumstances is well within the discretion of the trial court, the trial court is not obligated to accept the defendant's assertions as to what constitutes a mitigating circumstance. *Magers v. State*, 621 N.E.2d 323, 324 (Ind.1993). Only when the trial court fails to find a mitigator that the record clearly supports does a reasonable

posing a sentence. Because the defendant has failed to advance any separate argument about how the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender, any such claim is forfeited.

The failure to advance a cogent argument to support a claim results in forfeiture of the claim. Ind. Appellate Rule 8.3(A)(7); *Williams v. State*, 631 N.E.2d 485, 489 (Ind.1994).

belief arise that the mitigator was improperly overlooked. *Jones v. State*, 467 N.E.2d 681, 683 (Ind.1984).

Here, the trial court did note that the defendant had no juvenile record and had received only traffic violations as an adult. Thus, he did not overlook the mitigating factor of his lack of criminal history. We find no abuse of discretion in failing to assign mitigating weight to the fact that he gave a statement to New York police after he had already been apprehended nor in his failure to fight what would likely have been a losing battle to resist extradition. Finally, the mitigation claim that the victim induced the crime was not clearly supported by the record, as the jury rejected the defendant's claims of self-defense and sudden heat, instead finding that he knowingly killed the victim.

The trial court did not err in imposing an enhanced sentence of sixty-five years.

### Right to Counsel

The defendant also claims that he was denied his right to counsel because trial counsel rendered constitutionally deficient assistance. The ineffective assistance of counsel is established when the defendant shows two things: (1) that trial counsel's performance was inadequate in light of prevailing professional norms at the time of trial; and (2) that the ineffective performance resulted in a fundamentally unfair or unreliable result. *Lockhart v. Fretwell*, 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). He claims ineffectiveness in the following acts: failing to move to suppress the defendant's statements; failing to object to hearsay evidence during sentencing; and failing to develop available impeachment evidence about the victim.

The defendant first contends that trial counsel was ineffective for failing to move to suppress the defendant's statements to the police in New York, which were made when he was upset and had slept only a limited amount of time preceding his arrest. He alleges resulting prejudice first because a suppressed confession would have weakened the identification of the defendant as the perpetrator of the crime. The only other evidence identifying the defendant was DNA evidence linking the defendant's blood type to that found at the scene of the crime, evidence which he contends was subject to attack. Second, he alleges prejudice resulted because an attempt to suppress the confession would likely have resulted in the grant of a continuance or of more funds to conduct his own DNA tests.

Where ineffective assistance of counsel is alleged for the failure to move to suppress or to object to the defendant's statement, we will find no deficient performance where no showing is made that any such motion or objection would have resulted in the suppression of the statement. *Young v. State*, 537 N.E.2d 30, 32 (Ind.1989). The defendant himself concedes that "[i]t is of course speculative whether the statement would have been kept out." Brief of Appellant at 15. The trial judge must find that a confession was freely and voluntarily given before allowing the jury to hear it. *Haviland v. State*, 677 N.E.2d 509, 515 (Ind.1997). In determining voluntariness, a court looks to the circumstances surrounding the statement to determine whether it was procured by violence, threat, promise, or any other improper influence. *Buie v. State*, 633 N.E.2d 250, 256 (Ind.1994). Ultimately, a court looks at the effect of the interrogation on the defendant's "will to resist." *Haviland*, 677 N.E.2d at 515 (quoting *Light v. State*, 547 N.E.2d 1073, 1077 (Ind.1989)).

Here, although some evidence suggests that the defendant may have been upset or tired, he points to no evidence that tends to show that the confession was obtained through any improper or coercive influence of the police. Because he has not shown that the statement would have been suppressed, the defendant has failed to show that trial counsel's performance was deficient for failing to move to suppress or otherwise object.

The defendant also alleges ineffective assistance in the failure to object to hearsay evidence introduced at the sentencing hearing. However, in order to show

ineffectiveness for failing to object, one of the things the defendant must show is that the objection would have been sustained. *Potter v. State,* 684 N.E.2d 1127, 1134 (Ind.1997). Our rules of evidence explicitly state that they are inapplicable in sentencing proceedings. Ind. Evidence Rule 101(c)(2). Because a hearsay objection would not have been sustained, failing to object to such evidence does not constitute ineffective assistance of counsel.

██ Third, the defendant claims counsel was ineffective for failing to develop impeachment evidence concerning the victim. However, the defendant fails to establish or identify the impeachment evidence he claims could have been presented at trial. This is akin to a situation where the defendant claims ineffectiveness for failure to present an alibi defense, but then fails to present any affidavits or evidence as to what the alibi evidence would have been. *See, e.g., McBride v. State,* 515 N.E.2d 865, 867 (Ind. 1987). Because the lack of evidence makes us unable to assess the defendant's claim as to the failure to present such impeachment evidence, this claim fails.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.