**Tanzer YARBROUGH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A04–9805–CR–264.

Court of Appeals of Indiana.

Dec. 30, 1998.

William C. Menges, Jr., Kokomo, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Tanzer Yarbrough appeals his conviction for Dealing in Cocaine or a Narcotic Drug,[1] a class A felony. Yarbrough challenges the sufficiency of the evidence, arguing specifically that the evidence against him consisted only of the testimony of an informant, and that such is insufficient as a matter of law.[2] In support of this argument, Yarbrough directs our attention to a federal court decision that so held.

We reject his invitation to follow a case handed down by the Tenth Circuit Court of Appeals to the effect that testimony in exchange for the government's promise of leniency violates a federal bribery statute and is therefore inadmissible. *See United States v. Singleton,* 144 F.3d 1343 (10th Cir. 1998). We note in this regard that the opinion to which Yarbrough refers was vacated on July 10, 1998, nine days after it was handed down, by the granting of a rehearing en banc made on the court's own motion. Therefore, it is of no precedential value to this court, or any other court, for that matter. Moreover, we note that more than thirty federal court decisions have mentioned the *Singleton* decision since it was handed down and not one has agreed with its holding. Such hardly constitutes a ringing endorsement of the principle set out in *Singleton.* Accordingly, we continue to adhere to the principle that the testimony of an informant is sufficient to sustain a conviction. *See Simmons v. State,* 585 N.E.2d 1341 (Ind.Ct.App. 1992).

With the above legal principles in mind, and applying our standard for reviewing challenges to the sufficiency of the evi-

1. Ind.Code Ann. § 35–48–4–1 (West 1998).

2. Yarbrough does not dispute the fact that the informant's testimony, if believed and if legally admissible, established every element of the offense of which he was convicted.

dence, *see Shields v. State,* 699 N.E.2d 636 (Ind.1998), we conclude that the informant's testimony that Yarbrough delivered cocaine to him in exchange for money constituted substantial evidence of probative value sufficient to support the conviction.

Judgment affirmed.

KIRSCH and MATTINGLY, JJ., concur.