APPELLANT PRO SE
Sixto Cotto
Pendleton, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

No. 74S05-0506-CR-288

SIXTO COTTO,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Spencer Circuit Court, No. 74C01-0302-FA-44
The Honorable Wayne A. Roell, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 74A05-0403-CR-131

**June 23, 2005**

**Rucker, Justice.**

Defendant Sixto Cotto challenges the fifty-year sentence he received after being convicted for possession of methamphetamine as a Class A felony. Finding the mitigating circumstances in balance with the aggravating circumstances, we revise Cotto's sentence to thirty years.

**Facts and Procedural History**

Armed with an arrest warrant for Cotto and a female companion, Indiana State Police officers went to Cotto's home on January 24, 2003. The home was near an elementary school. Several people were present, including the female companion and three of Cotto's minor children. While executing the warrant, the officers seized a white powdery substance later identified as twenty-nine grams of methamphetamine. The officers also seized a green leafy substance, later identified as marijuana, and an assortment of drug paraphernalia. Cotto was arrested and charged in a multi-count information with dealing in methamphetamine, a Class A felony; possession of methamphetamine within 1000 feet of a school, a Class A felony; possession of a controlled substance, a Class C felony; maintaining a common nuisance, a Class D felony; possession of marijuana, a Class A misdemeanor; reckless possession of paraphernalia, a Class A misdemeanor; and three separate counts of neglect of a dependent as Class D felonies.

Trial was scheduled for September 29, 2003. Three days before trial the State filed a motion to dismiss some of the counts. Specifically the State moved to dismiss all charges against Cotto with the exception of possession of methamphetamine, a Class A felony,[1] and reckless possession of paraphernalia, a Class A misdemeanor. As grounds for the dismissal, the State asserted the "motion is made in the interests of simplifying the case for the jury and judicial economy to speed the resolution of the charges." Appellant's App. at 181. The trial court granted the motion on the morning of trial. After the trial court addressed a few additional preliminary matters, and shortly before the trial court summoned the potential jurors into the courtroom, Cotto expressed his desire to plead guilty to the pending charges. After making

---

[1] See Indiana Code section 35-48-4-6 which provides in relevant part:

    (a) A person who . . . knowingly or intentionally possesses . . . methamphetamine (pure or adulterated) commits possession of . . . methamphetamine, a Class D felony, except as provided in subsection (b).
    (b) The offense is . . .
        (3) a Class A felony if the person possesses the . . . methamphetamine in an amount (pure or adulterated) weighing at least three (3) grams . . .
            (B) in, on, or within one thousand (1,000) feet of:
                (i) school property . . . .

inquiry and advising Cotto of his constitutional rights, the trial court accepted Cotto's guilty plea, found him guilty as charged, and scheduled a sentencing hearing. There was no plea agreement.

At the conclusion of the sentencing hearing the trial court sentenced Cotto to a term of fifty years for the methamphetamine conviction and one year for the paraphernalia conviction. On direct appeal, Cotto challenged only his methamphetamine sentence contending it was excessive. The Court of Appeals affirmed the sentence in an unpublished memorandum decision. Cotto v. State, 74A05-0403-CR-131 (Ind. Ct. App. July 19, 2004). Cotto has petitioned to transfer, which we now grant.

**Discussion**

The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to review all questions of law and to review and revise the sentence imposed." Ind. Const. art. VII, § 4. Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

Cotto seeks revision of his sentence contending it is excessive because the trial court improperly found certain aggravating circumstances and failed to find any mitigating circumstances. In general, sentencing determinations are within the trial court's discretion. Wooley v. State, 716 N.E.2d 919, 929 (Ind. 1999). If the trial court relies on aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. Id.

The Legislature has prescribed standard or "presumptive" sentences for each crime, allowing the sentencing court limited discretion to enhance a sentence to reflect aggravating circumstances or reduce it to reflect mitigating circumstances. In this case, the applicable statute reads, "A person who commits a Class A felony shall be imprisoned for a fixed term of thirty

3

(30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances . . . ." Ind. Code § 35-50-2-4.[2] In this case the trial court enhanced Cotto's sentence from the presumptive term of thirty years to the maximum term of fifty years based on five aggravating circumstances: (1) Cotto's criminal history, (2) his likelihood of reoffending based on his history of arrests, (3) the circumstances of the crime suggested Cotto was involved in a substantial drug operation, (4) a reduced sentence would depreciate the seriousness of the crime, and (5) his need of rehabilitative treatment would be best provided by a penal facility.

The State concedes that the trial court improperly relied on the aggravator that the "reduced sentence would depreciate the seriousness of the crime." This factor serves only to support a refusal to impose less than the presumptive sentence and does not serve as a valid aggravating factor supporting an enhanced sentence. Pickens v. State, 767 N.E.2d 530, 533 (Ind. 2002). Here there is no indication that the trial court ever considered giving Cotto less than the presumptive sentence. Therefore, the consideration of this factor was improper. See id. at 533 (holding that the trial court's consideration of this factor was incorrect where there was nothing in the record to indicate that the trial court was considering less than the presumptive sentence). The State also concedes that the "need of rehabilitative treatment" as an aggravating circumstance is not applicable in this case because the trial court failed to explain why Cotto is in need of rehabilitative treatment that can best be provided by a penal facility. Every executed sentence involves incarceration. Wooley, 716 N.E.2d at 930. As a result there must be a specific and individualized statement explaining why extended incarceration is appropriate. Id. See also Hollins v. State, 679 N.E.2d 1305, 1308 (Ind. 1997) (holding that trial court must provide specific or individualized statement of the reasons justifying a sentence in excess of the

---

[2] Two significant events have occurred since the parties filed their initial briefs in this case. On June 24, 2004, the United States Supreme Court decided Blakely v. Washington, 542 U.S.___, 124 S.Ct. 2531 (2004), which held that facts supporting an enhanced sentence must be admitted by the defendant or found by a jury. Although challenging his sentence, Cotto has made no Blakely claim either before the Court of Appeals by way of subsequent pleadings or before this Court on transfer. Thus, any such claim is waived. See Smylie v. State, 823 N.E.2d 679 (Ind. 2005). Subsequent to Blakely, the Legislature amended Indiana's sentencing statutes, including Indiana Code section 35-50-2-4. Among other things, the amendment eliminated presumptive sentences and fixed terms in favor of an advisory sentencing scheme. See 2005 Ind. Legis. Serv. P.L. 71-2005 (declared an emergency and effective April 25, 2005). Because we revise Cotto's sentence to the presumptive term, we do not address whether the amended statute applies to criminal sentences imposed before the effective date.

4

presumptive term); Robey v. State, 555 N.E.2d 145, 150-51 (Ind. 1990) (discussing requirement of a specific and individualized statement of the reasons supporting an enhanced sentenced). Here, the trial court did not provide such a statement and consequently the use of this aggravating circumstance was improper. The Court of Appeals recognized the State's concession and did not consider these two aggravators in its analysis of Cotto's sentence.

When one or more aggravating circumstances cited by the trial court are invalid, the court on appeal must decide whether the remaining circumstance or circumstances are sufficient to support the sentence imposed. Merlington v. State, 814 N.E.2d 269, 273 (Ind. 2004). Where we find an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level. Id. We elect the last option here.

In imposing Cotto's sentence the trial court declared, "The Court has reviewed all of the mitigating circumstances, statutory and otherwise, and could find none that apply." Appellant's App. at 8. The finding of mitigating factors is within the discretion of the trial court. Fugate v. State, 608 N.E.2d 1370, 1374 (Ind. 1993). It is true that a trial court is not obligated to weigh or credit the mitigating factors in the manner a defendant suggests they should be weighed or credited. Georgopulos v. State, 735 N.E.2d 1138, 1145 (Ind. 2000); Shields v. State, 699 N.E.2d 636, 639 (Ind. 1998). However, when a trial court fails to find a mitigator that the record clearly supports, a reasonable belief arises that the mitigator was improperly overlooked. Shields, 699 N.E.2d at 640.

Our courts have long held that a defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return. Widener v. State, 659 N.E.2d 529, 534 (Ind. 1995); Hardebeck v. State, 656 N.E.2d 486, 493 (Ind. Ct. App. 1995), trans. denied. See also Duvall v. State, 540 N.E.2d 34, 35 (Ind. 1989); Lang v. State, 461 N.E.2d 1110, 1112-13 (Ind. 1984); Singer v. State, 674 N.E.2d 11, 14 (Ind. Ct. App. 1996). A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character. Scheckel v. State, 655 N.E.2d 506, 511 (Ind. 1995);

see also Williams v. State, 430 N.E.2d 759, 764 (Ind. 1982) ("[A] defendant who willingly enters a plea of guilty has extended a substantial benefit to the state and deserves to have a substantial benefit extended to him in return.").

In this case the Court of Appeals discounted Cotto's guilty plea on the ground that he "pled guilty to one Class A felony and one Class A misdemeanor, and the State dismissed the other charges." Slip op. at 7. Thus, Cotto "had already received some benefit from his guilty plea." Id. The inference here is that the State dismissed several charges against Cotto in exchange for his plea of guilty. However the record presents a different picture. The State's decision to dismiss apparently was done for its own benefit and not for the benefit of Cotto. As the State explained, its motion was made "in the interests of simplifying the case for the jury and judicial economy to speed the resolution of the charges." Appellant's App. at 181. Thus Cotto actually obtained no benefit from pleading guilty. Of course we have frequently observed that a plea is not necessarily a significant mitigating factor. Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999). However in this case the trial court did not identify Cotto's plea as a mitigating factor at all. This was error. Cotto's guilty plea is a mitigating factor entitled to some weight.

The record also shows Cotto crafted a four-page handwritten letter that was introduced and read into the record at the sentencing hearing. Among other things, Cotto acknowledged that he was addicted to drugs, expressed remorse for his actions, said that he was sorry for what he had done, and asked the court for mercy. Appellant's App. at 241-43. Our courts have recognized remorse as a valid mitigating circumstance. Francis v. State, 817 N.E.2d 235, 238 (Ind. 2004) (holding that because defendant pleaded guilty in the early stages of the proceedings, demonstrated remorse, and apologized for his actions, the weight attributable to defendant's plea of guilty was in the high range); Rose v. State, 810 N.E.2d 361, 367 (Ind. Ct. App. 2004) (holding that trial court correctly found defendant's remorse as shown by his plea of guilty was a mitigating circumstance); Cloum v. State, 779 N.E.2d 84, 90 (Ind. Ct. App. 2002) (concluding the trial court abused its discretion in not assigning mitigating weight to defendant's decision to plead guilty when the guilty plea substantially benefited the State and defendant presented positive character evidence indicating the plea truly represented remorse and an acceptance of responsibility). In this case we assign mitigating weight to Cotto's expression of remorse.

The valid aggravating circumstances found by the trial court were (1) Cotto's criminal history, (2) his likelihood to reoffend based on his history of arrests, and (3) the circumstances of the crime suggested Cotto was involved in a substantial drug operation. As for Cotto's criminal history, although Cotto has a lengthy arrest record, he has only been convicted of five alcohol-related misdemeanors. These include operating while intoxicated, public intoxication, disorderly conduct, and an "obstruction" conviction in the State of Florida, the details of which are not revealed by the record. Tr. at 14-18.

A record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and may not be properly considered as evidence of criminal history. Scheckel v. State, 620 N.E.2d 681, 683 (Ind. 1993). However, a record of arrest, particularly a lengthy one, may reveal that a defendant has not been deterred even after having been subject to the police authority of the State. Id. Such information may be relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime. Id. Here, the trial court properly considered Cotto's arrest record as an indication that Cotto will likely reoffend. But we conclude that the alcohol-related misdemeanor convictions are only marginally significant as aggravating factors in considering a sentence for a Class A felony. The "[s]ignificance varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Wooley, 716 N.E.2d at 929 n.4. See also Neale v. State, 826 N.E.2d 635, 639 (Ind. 2005) (concluding that the aggravating weight of defendant's extensive criminal history of mostly alcohol-related misdemeanors not sufficient to justify maximum sentence for Class A felony); Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004) (concluding that four alcohol-related offenses were marginally significant as aggravating factors for a Class B felony).

We agree that the three remaining aggravating factors are valid. However we do not believe that their collective weight is greater than the mitigating effect of Cotto's plea of guilty and his expression of remorse. We therefore conclude that the presumptive sentence of thirty years is the appropriate sentence in light of the nature of the offense and the character of the offender.

7

**Conclusion**

We affirm Cotto's conviction for possession of methamphetamine in excess of three grams within 1000 feet of a school. We remand this cause to the trial court with instructions to impose a sentence of thirty years.

Shepard, C.J., and Sullivan, J., concur.

Dickson, J., dissents, believing that the trial court was in the best position to determine whether mitigating consideration should be given to Cotto's eventual guilty plea at the commencement of his trial and to his claim of remorse, and believing that the trial court's consideration of Cotto's involvement in a substantial drug operation is sufficient in itself to warrant the sentence imposed by the trial court. Boehm, J., joins.