# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 12 2017, 10:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerald Lynn West, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 12, 2017 <br><br> Court of Appeals Case No. 84A04-1611-CR-2535 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Michael J. Lewis, Judge <br><br> Trial Court Cause No. 84D06-1510-F2-2616 |

**Bailey, Judge.**

# Case Summary

[1] Gerald Lynn West ("West") challenges his aggregate thirty-year sentence for Dealing in Methamphetamine, as a Level 2 felony,[1] Maintaining a Common Nuisance, as a Level 6 felony,[2] Battery, as a Level 5 felony,[3] and Possession of Marijuana, as a Class A misdemeanor.[4] He presents the issue of whether his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On October 13, 2015, Terre Haute Police Department Officer Daniel LaFave ("Officer LaFave") initiated a traffic stop of a van driven by West, attached to a trailer without operational brake lights. West produced a driver's license but was unable or unwilling to produce the vehicle's registration and his proof of insurance. West also denied knowing the name of his insurance provider. Officer LaFave asked that West and his juvenile companion exit the vehicle.

[3] A canine police unit arrived, and the canine alerted to the presence of drugs. As Officer Jeffrey Pupilli approached West to place him in handcuffs, West turned and punched the officer in the face. West began to run away; he fell to

---

[1] Ind. Code § 35-48-4-1.1(a)(2).

[2] I.C. § 35-48-4-13(b)(2)(A) [now repealed and re-codified at I.C. § 35-45-1-5].

[3] I.C. § 35-42-2-1.

[4] I.C. § 35-48-4-11(a)(1).

the ground after an officer deployed his Taser. West was eventually subdued and arrested by four police officers.

[4] After the struggle, West's van was searched. Inside the van was a large insulated bag containing two smaller bags. Inside the smaller bags officers found 357.38 grams of crystal methamphetamine. The officers also seized 2.58 grams of marijuana, digital scales with white residue, and a pipe.

[5] West was charged with Dealing in Methamphetamine, Possession of Methamphetamine, Maintaining a Common Nuisance, two counts of Resisting Law Enforcement, Battery, and Possession of Marijuana. A jury convicted him as charged. Due to double jeopardy concerns, the trial court entered judgments of conviction and sentences upon only four counts. For Dealing in Methamphetamine, West received a sentence of thirty years. He received concurrent sentences of two years for Maintaining a Common Nuisance, three years for Battery, and 180 days for Possession of Marijuana. This appeal ensued.

# Discussion and Decision

[6] West requests that we revise his sentence pursuant to Indiana Appellate Rule 7(B). The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial

court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise a sentence after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

[7] West was convicted of Level 2, Level 5, and Level 6 felonies. He faced a sentencing range of ten to thirty years, with 17 and 1/2 years as the advisory sentence; one to six years, with three years as the advisory sentence; and 6 months to 2 and 1/2 years, with one year as the advisory sentence, respectively. I.C. §§ 35-50-2-4.5, 35-50-2-6, 35-50-2-7. Upon conviction of a Class A misdemeanor, West faced a sentence of up to one year in prison. I.C. § 35-50-3-2. West's thirty-year, three-year, two-year, and 180 day sentences are concurrent, yielding an aggregate sentence for all offenses equal to the maximum term for a Level 2 felony.

[8] As for the nature of West's offenses, he possessed 357.38 grams of crystal methamphetamine and 2.58 grams of marijuana. The offense of possession of methamphetamine is elevated to a Level 2 felony upon possession of 10 or more grams. West possessed an amount approximately 35 times this threshold amount. He struck a police officer and fled. Four police officers were required

to subdue and arrest him. West's conduct took place in the presence of a juvenile. These circumstances do not militate toward a lesser sentence.

[9] Regarding West's character, he has a lengthy criminal history. In 1989, he was sentenced to six and one-half years' imprisonment in a federal prison for distributing cocaine within 100 feet of a school and possession of a firearm. In 2000, West was convicted of Dealing in Cocaine and Dealing in a Schedule II Controlled Substance. His thirty-year sentence was modified to twenty years, and he was released from prison in 2007. In 2014, West was charged with Dealing in Methamphetamine and Resisting Law Enforcement. The charges were dismissed in 2015, after West obtained an order suppressing evidence.[5]

[10] Awaiting trial for the instant charges, West wrote a letter to his wife suggesting that she participate in putting forth one of two scenarios in which West would not be culpable for possession of methamphetamine. He suggested that a juvenile admit to stealing the drugs. Alternatively, he suggested that his wife should claim: she wanted rid of West, she had an affair with a police officer, and she and the police officer planted evidence to frame West. West's criminal history and conduct during incarceration do not speak well of his character.

---

[5] A record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense, and thus the arrest is not evidence of a criminal history. *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). However, a record of arrest may reveal that a defendant has not been deterred after subjection to the police authority of the state and the information may be relevant to the trial court's assessment of a defendant's character. *Id.*

[11]     West has failed to benefit from prior opportunities for rehabilitation.  He has not persuaded us that his thirty-year sentence is inappropriate.

[12]     Affirmed.

Vaidik, C.J., and Robb, J., concur.