## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 20 2018, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Steven E. Ripstra
Jacob P. Wahl
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas R. Hedrick,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

September 20, 2018

Court of Appeals Case No.
18A-CR-762

Appeal from the Pike Circuit Court

The Honorable Jeffrey L. Biesterveld, Judge

Trial Court Cause No.
63C01-1707-F1-463

**Brown, Judge.**

[1] Nicholas R. Hedrick appeals his sentence for two counts of child molesting. Hedrick raises two issues which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing him; and

II. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

[2] During the spring of 2014, Hedrick fondled or touched his five year-old daughter, E.H., with the intent to arouse or satisfy his own sexual desires. On July 21, 2017, Hedrick fondled or touched a seven year-old child, J.H., with the intent to arouse or satisfy his own sexual desires.

[3] On July 31, 2017, the State charged Hedrick with: Count I, child molesting of E.H., as a class A felony; Count II, child molesting of J.H., as a level 1 felony; Count III, child molesting of E.H., as a class C felony; Count IV, child molesting of J.H, as a level 4 felony; Count V, incest as a class B felony; and Count VI, neglect of a dependent as a class D felony. On December 11, 2017, Hedrick and the State entered into a plea agreement pursuant to which he agreed to plead guilty to Counts III and IV. The plea agreement indicates that the sentences for these counts were "left 'Open to the Court's discretion' and that each count [was] to run concurrently." Appellant's Appendix Volume 2 at 39. Hedrick pled guilty on the same day and the court accepted the plea agreement. The State dismissed all of the other charges.

[4]     At sentencing, Hedrick stated that he was diagnosed with a learning disability and quit school at age sixteen to obtain a job and that he maintained manual labor employment in factories continuously from the time he left school until his arrest. According to his testimony, Hedrick began smoking marijuana when he was "about thirteen," was drinking and smoking marijuana "full-time" when he was sixteen, and began using methamphetamine daily when he was seventeen or eighteen, and all three "pretty much" daily until he was twenty-three. Transcript at 29. He stated that, when he was arrested, his alcohol consumption was a pint of bourbon per day, that he planned on smoking his entire life, and that, "[b]efore now," he had never planned on quitting. *Id.* at 39. He stated "[y]es" after his counsel noted that he had a number of arrests, answered affirmatively each time after being asked if he had a "number of driving while suspended's," "a marijuana possession or two," and "a furnishing," and responded that he had to travel to work when requested to explain his arrests for driving while suspended. *Id.* at 28.

[5]     Hedrick testified that he spread his daughter's vagina and "that's when she asked me, daddy what are you doing." *Id.* at 37. He testified that J.H. was a daughter of his close friends, that they occasionally trusted him with her care, and that J.H. trusted him. When the prosecutor asked "what's unspeakable about this crime," Hedrick replied "[j]ust the thought of, you know, harming a child" and agreed when corrected that he meant two children. *Id.* He answered affirmatively when asked whether he "told Deputy Killian [that he] had an erection" when touching E.H.'s vagina and a partial erection when touching

J.H.'s vagina and stated, after some additional questioning, that he found himself erect and "then through lack of self-control I touched my daughter." *Id.* at 41. When the prosecutor questioned whether he had promised the court that this will never happen again, Hedrick answered affirmatively and stated, "I plan on changing my life." *Id.* at 42. The prosecutor then asked, "[c]hanging your impulses toward young children," and Hedrick answered in part by stating "it was not like I was looking for it" and "I was under the influence." *Id.* During the recross-examination, the following exchange occurred between the prosecutor and Hedrick:

> [Prosecutor]: Isn't it true that in 2014 after that happened you ended up admitting to your friends, [A.H and D.H.], that you had touched your daughter inappropriately and that was going to be the last time. Didn't you tell them that?
>
> [Hedrick]: Yes.
>
> [Prosecutor]: And fortunately for you, they didn't report it to anybody, did they?
>
> [Hedrick]: No.
>
> [Prosecutor]: Until after their daughter got molested by you. Isn't that true?
>
> [Hedrick]: Yes.

*Id.* at 43-44.

[6] The presentence investigation report ("PSI"), in the summary of legal history section, states in part:

As an adult, [Hedrick] has a criminal history involving nine (9) misdemeanor convictions and two (2) felony convictions which includes [sic] the instant offense. The misdemeanors are as follows: Contributing to the Delinquency of a Minor (A/Misd.), two (2) Counts of Possession of Marijuana (A/Misd.), five (5) Counts of Driving While Suspended (A/Misd.) and Possession of Paraphernalia (C/Misd.). . . . As an adult, [Hedrick] has been placed on probation six (6) times. During the duration of probation, there were five (5) Petitions to Revoke Probation filed. [Hedrick] completed probation satisfactorily three (3) times, one (1) was closed unsatisfactorily and one (1) was revoked and the suspended sentence was ordered executed. At the time of the instant offense, [Hedrick] was on probation in Dubois County. [Hedrick] has an active warrant in Dubois County for the revocation of probation.

Appellant's Appendix Volume 2 at 48. According to the PSI, Hedrick used or abused other drugs including heroin, inhalents, caffeine tablets, LSD/acid, morphine, Xanax, Oxycontin, Mushrooms, and Hydrocodone; he had been ordered by a court to attend substance abuse treatment at Southern Hills but quit attending counseling sessions and never completed treatment; and he reported during the PSI interview that he would drink and use marijuana at work. The PSI also indicated that Hedrick's overall risk assessment using the Indiana risk assessment system placed him in the high risk to reoffend category.

[7] The trial court found that Hedrick had been in positions of trust and of having care, custody or control of the children. After finding that the harm, injury, loss or damage suffered by the pair was significant and greater than the elements necessary to prove the commission of the offenses, the court noted the young age of the victims, "[e]ven though the age is considered an element of the

offense," and observed that the lives of E.H. and J.H. "will forever be changed" because of Hedrick's actions. Transcript at 51. It also found that Hedrick had a history of criminal or delinquent behavior, that the prior lenient treatment which had been afforded him had not been successful, and that he had violated the conditions of his last probation. *Id.* The court observed that Hedrick described that he was "under the influence and didn't care and . . . lost control" and stated that it "does consider the . . . amount of time between the offenses to be particularly troubling in this matter."[1] *Id.* The court also found that Hedrick accepted responsibility for his actions and had pled guilty and it stated that the "one (1) mitigating factor is far outweighed by the aggravating factors." *Id.* The court sentenced Hedrick to eight years for his conviction of child molesting as a class C felony and twelve years for his conviction of child molesting as a level 4 felony and ordered the sentences to be served concurrently.

## *Discussion*

### I.

[8] The first issue is whether the trial court abused its discretion in sentencing Hedrick. We review the sentence for an abuse of discretion, which occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on*

---

[1] The court's January 20, 2018 sentencing order states: "Court considers the period of time between the multiple offenses in this matter." Appellant's Appendix Volume II at 19.

*reh'g*, 875 N.E.2d 218 (Ind. 2007). A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[9] A single aggravating circumstance may be sufficient to enhance a sentence. *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999) (citing *Angleton v. State*, 714 N.E.2d 156, 160 (Ind. 1999)). "Generally, the nature and circumstances of a crime is a proper aggravating circumstance." *Gomillia v. State*, 13 N.E.3d 846, 853 (Ind. 2014) (citing *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001)). When a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Hackett*, 716 N.E.2d at 1278 (citing *Shields v. State*, 699 N.E.2d 636, 639 (Ind. 1998)).

[10] Hedrick argues that the trial court improperly found two aggravating factors: the harm, loss, and damage suffered by the victims was greater than what was

needed to prove the elements of the offense, and "the gap of time between the offenses." Appellant's Brief at 11. He argues that no additional harm, loss or damage to the victims was alleged "beyond what is inherent in such devious behavior," that no evidence was presented that the harm suffered was "exceptional for a child molesting case," and that the fact that E.H. was his daughter had been addressed in the "care, custody, or control" aggravator. *Id.* at 8, 11. He further contends that it is not clear how the gap in time between the offenses aggravates the crime given that "[t]he allegations are from two events, with two victims." *Id.* The State responds that the two sentencing considerations were valid under the circumstances. It contends that the facts that E.H.'s "own father would do such a thing to her" and that a trusted family friend sexually molested J.H. will affect each of the victims throughout their lives, and that it argued at sentencing that Hedrick "was highly likely to re-offend because he had already done so" and "[b]ecause nothing had changed" in his lifestyle in the time between the two offenses. Appellee's Brief at 13-14.

[11] Even if the court considered improper aggravators, other valid aggravating circumstances, which Hedrick does not challenge, justify the sentence enhancement. We note that the trial court observed that the lives of E.H. and J.H. "will forever be changed" because of Hedrick's actions and found that he had been in positions of trust and of having care, custody or control of the victims. *Id.* at 51. We also note Hedrick's continued substance abuse and observe the court's findings that he had a history of criminal or delinquent behavior, that the prior lenient treatment which had been afforded him had not

been successful, and that he had violated the conditions of his last probation. We conclude that other valid aggravating circumstances, which Hedrick does not challenge, justify the sentence enhancement and, accordingly, we cannot say that the trial court abused its discretion in sentencing.

## II.

[12] The second issue is whether Hedrick's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Hedrick argues that the trial court's sentence was excessive because he pled guilty to two separate instances with two victims, no additional harm was found "to raise the severity" of his actions, and he does not have a prior history of violent or sex crimes involving children. Appellant's Brief at 8. In essence, he contends that the record does not present this case as "one of the worst of the worst" cases of child molesting or warrant the maximum penalty. *Id.* at 9. The State argues that the sentence imposed is not inappropriate in light of both the nature of the offenses and Hedrick's character.

[14] Our review of the nature of the offenses reveals that Hedrick molested five year-old E.H. and seven year-old J.H. According to his testimony, he found himself

erect when he touched E.H., his daughter. Three years after he had shared with J.H.'s parents that he molested E.H. and told them that was going to be the last time, he molested J.H.

[15] As for his character, Hedrick pled guilty and left sentencing to the discretion of the trial court. The plea agreement indicated that Counts III and IV were to run concurrently, and the State dismissed two counts of child molesting as class A and level 1 felonies, one count of incest as a class B felony, and one count of neglect of a dependent as a class D felony. The PSI indicates that he used or abused multiple drugs and never completed court-ordered substance abuse treatment. His testimony at the sentencing hearing indicates that when he was arrested, his alcohol consumption was a pint of bourbon per day, that he planned on smoking his entire life, and that, "[b]efore now," he had never planned on quitting. *Id.* at 39. Although he does not have a prior history of violent or sex crimes involving children, the PSI reveals that Hedrick has been placed on probation six times, has had five petitions to revoke probation filed, that he was on probation in Dubois County, and had an active warrant for the revocation of probation. The PSI also indicates that his overall risk assessment score using the Indiana risk assessment system places him in the high risk to reoffend category.

[16] After due consideration, we conclude that Hedrick has not sustained his burden of establishing that his aggregate sentence of twelve years is inappropriate in light of the nature of the offenses and his character.

## *Conclusion*

[17]   For the foregoing reasons, we affirm Hedrick's sentence.

[18]   Affirmed.

Altice, J., and Tavitas, J., concur.