## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2018, 6:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sean Patrick Roberts, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 29, 2018 <br><br> Court of Appeals Case No. 18A-CR-1441 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. 03C01-1801-F6-167 |

**Bailey, Judge.**

# Case Summary

Sean Patrick Roberts, Jr. ("Roberts") pled guilty to intimidation, as a Level 6 felony,[1] and now appeals his sentence of 730 days of imprisonment. He raises one issue on appeal: whether the trial court abused its discretion by not considering his guilty plea to be a mitigating factor in his sentencing.

We affirm.

# Facts and Procedural History

On January 9, 2018, Roberts and his fiancée, Shannon Hadley ("Hadley"), argued in a Target parking lot. Roberts became angry and grabbed Hadley's book bag, pulling her towards him and onto the ground. While Hadley was on the ground, Roberts yelled at her and kicked her while wearing steel-toed boots. Roberts also yelled at several bystanders who approached. He told them not to call the police and to mind their own business. Roberts threatened the bystanders that he would find them and hurt them because he knew what cars they drove. Roberts told the bystanders that he would blow up their cars. He called them names and continued to scream threats at them while three of them called 9-1-1. Roberts yelled at the officers when they arrived and told them he would damage the patrol car if they put him in it.

---

[1] Ind. Code § 35-45-2-1(a)(2), (b)(1)(A).

[4] The State charged Roberts with intimidation as a Level 6 felony; criminal confinement as a Level 6 felony;[2] and battery as a Class B misdemeanor.[3] Roberts pled guilty to intimidation pursuant to a plea agreement, and the State agreed to dismissal of the other two charges.

[5] During Roberts's sentencing hearing, the trial court questioned him about the incident leading to the charges. When Roberts first gave his account of it, he did not state that he kicked Hadley; rather, he said "I never hit her. I never laid a hand on her." Tr. at 14. Roberts also did not mention yelling at or threatening the bystanders who attempted to intervene. After the court questioned Roberts further about the incident and reminded him that there was a video recording of what had happened, he admitted to kicking Hadley with steel-toed boots while she was on the ground. However, he pointed out to the court that Hadley did not have any marks or blood on her face.

[6] In sentencing Roberts, the trial court stated:

> The Court is very concerned regarding your answers today. You don't think you did anything wrong. I'm reading through this probable cause affidavit and I'm taking judicial notice of my file, which has all the contents within it, which includes that and from what you said here today versus what is in here by four people who don't know each other, it's completely different. You have a sincere problem figuring out what you did. You were here

---

[2] I.C. § 35-42-3-3(a).

[3] I.C. § 35-42-2-1(c)(1).

today, still after pleading in, trying to make it sound like it wasn't that bad. It was.

* * *

You completely do not appreciate the intimidation aspect of it. You completely do not appreciate, even more than an anger problem. You can't control yourself. You didn't place fear just in one person that day, you did in about five. So [to] come and say that you just kind of grabbed someone and maybe yelled a little is completely different than reality.

Tr. at 18, 20. The court found that there were no mitigating circumstances, and it found that the aggravating circumstances included Roberts's criminal history, prior probation violation, and threats to witnesses of the offense. It sentenced Roberts to 730 days in the Bartholomew County Jail.[4] This appeal ensued.

# Discussion and Decision

[7] Roberts maintains that the trial court erred in sentencing him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation

---

[4] The statutory range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7.

omitted), *trans. denied*. A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any[ ]—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). So long as a sentence is within the statutory range, the trial court may impose it without regard to the existence of aggravating or mitigating factors. *Anglemyer*, 868 N.E.2d at 489. However, if the trial court does find the existence of aggravating or mitigating factors, it must give a statement of its reasons for selecting the sentence it imposes. *Id*. at 490. But the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *Gross*, 22 N.E.3d at 869, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court found it to be insignificant, *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

[8] Roberts contends the trial court abused its discretion by failing to find his guilty plea to be a mitigating circumstance. As our Supreme Court has held,

a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007) (citing *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005)). But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. *See Anglemyer*, 868 N.E.2d at 490-91. And the significance of a guilty plea as a mitigating factor varies from case to case. *Francis*, 817 N.E.2d at 238 n.3. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, *id*., or when the defendant receives a substantial benefit in return for the plea. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999).

*Anglemyer v. State*, 875 N.E.2d 218, 220-21 (Ind. 2007).

[9] Roberts's own testimony at his sentencing hearing indicated that he was motivated to plead guilty not because of genuine remorse or acceptance of responsibility, but to obtain the substantial benefit of the dismissal of the two other charges against him. When the court initially questioned Roberts about the underlying criminal act, he denied attacking Hadley, stating "I never hit her. I never laid a hand on her." Tr. at 14. Only when he was reminded by the judge that there was a security video of the entire incident did Roberts admit that he kicked Hadley. And, even then, Roberts sought to minimize the violence of his actions, stating "she did not have a mark on her, not one[,] … she wasn't bleeding nowhere." *Id*. at 15. Such testimony does not demonstrate remorse or a genuine acceptance of responsibility for the crime to which he pled guilty. And there is no question that Roberts received a substantial benefit from

the guilty plea in that the two other criminal charges were dismissed. Therefore, the trial court did not abuse its discretion when it did not find that Roberts's guilty plea was a mitigating circumstance. *Anglemyer*, 875 N.E.2d at 221.

[10]     Affirmed.

Mathias, J., and Bradford, J., concur.