# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 05 2017, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

Miguel Garcia,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 5, 2017

Court of Appeals Case No.
79A04-1610-CR-2290

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1411-F3-2

---

**Mathias, Judge.**

[1] Miguel Garcia ("Garcia") was convicted in Tippecanoe Superior Court of Level 6 felony criminal confinement and two counts of Level 3 felony robbery. The

trial court sentenced Garcia to two consecutive terms of nine years on the Level 3 felony convictions and a concurrent two and one-half year sentence on the Level 6 felony conviction. In his first appeal, Garcia claimed that the trial court erred by failing to explain why Garcia's sentences should be served consecutively. A panel of this court agreed and remanded with instructions that the trial court either enter concurrent sentences or impose consecutive sentences supported by appropriate findings. On remand, the trial court chose the latter option and entered findings to support the imposition of consecutive sentences. From this order, Garcia appeals and claims that the trial court's sentence is inappropriate.

[2] We affirm.

## Facts and Procedural History

[3] The facts underlying this case were set forth in our memorandum decision in Garcia's first appeal as follows:

> On November 12, 2014, the State filed an information charging Garcia with ten counts relating to the armed robberies of a Speedway gas station and a Village Pantry convenience store in Lafayette on November 1 and November 5, 2014, respectively. On November 1, Garcia and Jacob Lumbley took cigarettes, money, and the store clerk's cellular telephone from the Speedway gas station while Lumbl[e]y was armed with a handgun. On November 5, Garcia, Lumbley, and Tiffany Mounts took money and merchandise from the Village Pantry store while Lumbley was armed with a shotgun and Garcia was armed with a knife. During the course of the Village Pantry

robbery, the robbers ordered the store clerks to lay on the floor until the robbers left.

On May 19, 2015, Garcia and the State entered into a plea agreement under which Garcia pleaded guilty to the following charges: Count II, robbery as a Level 3 felony, relating to the November 1 offense; Count VI, robbery as a Level 3 felony, relating to the November 5 offense; and Count VII, criminal confinement as a Level 3 felony, relating to the November 5 offense. In exchange, the State dismissed the remaining counts.

Following a sentencing hearing on June 19, the trial court found the following aggravating factors: "the seriousness of the offense; offenses committed within five months of entering community; his criminal history; there were 3 victims; character of Defendant; and he has been disciplined while incarcerated." The court also found the following mitigating factors:

> the Defendant pled guilty; he participated in rehabilitative programs while in custody at the County jail; he has shown remorse for his victims; he has drug and alcohol problems and was under the influence of Spice at the time of the commission of the offenses; he has had a somewhat good employment history; and his difficult childhood.

The trial court then found that "the aggravating factors and the mitigating factors balance."

The trial court imposed the nine year advisory sentence upon Garcia for both the Count II and Count VI robbery convictions, with each sentence having eight years executed and one year suspended on supervised probation. The court reduced the Count VII criminal confinement conviction to a Level 6 felony and sentenced Garcia to two and one-half years executed on that count. The trial court ordered that the sentences on Counts VI and VII be served concurrent with one another, but consecutive to the sentence on Count II, for an aggregate sentence of eighteen years, with sixteen years executed in the Department of Correction and two years suspended to probation.

*Garcia v. State*, No. 79A02-1507-CR-944, slip op. at 1-3 (*Garcia I*) (Ind. Ct. App. Mar. 15, 2016) (record citations omitted).

[4] The *Garcia I* court held that the trial court erred by imposing consecutive sentences without stating any reasons to support its decision. *See id.*, slip op. at 6 (citing *Marcum v. State*, 725 N.E.2d 852, 864 (Ind. 2002)). The *Garcia I* court chose to remand the case to the trial court "with instructions for the trial court to reconsider its order of consecutive sentences of eighteen years for the robbery convictions. On remand, the trial court may either enter concurrent sentences for the robbery convictions or impose the same consecutive sentences, if the court supports its sentence with appropriate findings." *Id.*, slip op. at 7 (citing *Windhorst v. State*, 868 N.E.2d 504 (Ind. 2007)).

[5] On remand, the trial court exercised the latter option and entered a new sentencing order in which it found, with regard to its decision to impose consecutive sentences, that there were separate offenses committed within a short period of time from each other, at separate convenience stores, involving a total of three victims. The trial court then re-imposed its original aggregate sentence of eighteen years with sixteen years executed and two suspended. Garcia again appeals.

## Discussion and Decision

[6] In this appeal after remand, Garcia claims only that the sentence imposed by the trial court is inappropriate. Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence

imposed by the trial court. *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied*. This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[7]     Still, we must and should exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give "due consideration" to that decision and because we recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers" and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Former v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Here, Garcia pleaded guilty to committing two Level 3 felonies.[1] The sentencing range for a Level 3 felony is from three to sixteen years, with the advisory sentence being nine years. Ind. Code § 35-50-2-5(b). The trial court also ordered the advisory sentences for the two Level 3 felonies to be served consecutively, for an aggregate sentence of eighteen years. *See Cardwell*, 895 N.E.2d at 1225 (holding that "appellate review should focus on the forest — the aggregate sentence — rather than the trees — consecutive or concurrent, number of counts, or length of the sentence on any individual count."). We also take into account that the court ordered two of these eighteen years suspended to probation. *See Marley v. State*, 17 N.E.3d 335, 339 (Ind. Ct. App. 2014) (holding that appellate courts reviewing the appropriateness of a sentence should consider not only the aggregate length of a sentence but also whether a portion of the sentence is ordered suspended).

[9] Regarding the nature of the offenses, Garcia argues that nothing in the record indicates that his actions during the two robberies consisted of anything more than what was necessary to commit the offenses. He also argues that his co-defendant Lumbley was the main actor in the robberies. However, the record indicates that Garcia was an active participant in both robberies. He admittedly took property, cigarettes, during the first robbery. He also admitted that, during

---

[1] Garcia also pleaded guilty to Level 5 felony criminal confinement, which the trial court reduced to a Level 6 felony. The trial court also ordered the sentence on this Level 6 felony to be served concurrently with the two consecutive sentences imposed on the Level 3 felony convictions. Thus, the sentence on the Level 6 felony does not affect the aggregate length of the sentence imposed by the trial court.

the second robbery, he was armed with a knife and personally took cash directly from the cash register. Thus, Garcia was an active player in two armed robberies that were separated by several days, and which involved several victims. Accordingly, there is little about the nature of the offenses that persuades us that Garcia's sentence is inappropriate.

[10] With regard to the character of the offender, we admit that Garcia does not have a particularly lengthy criminal history. However, he has had numerous run-ins with the law. In addition to his two prior misdemeanor convictions for possession of marijuana and criminal trespass, Garcia had been arrested numerous times in Illinois, though the charges were later dismissed. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (holding that lengthy arrest record may reveal that defendant has not been deterred even after extensive contact with the criminal justice system); *Vermillion v. State*, 978 N.E.2d 459, 468 (Ind. Ct. App. 2012) (noting that lengthy arrest record may be considered as part of the trial court's assessment of defendant's character and the risk that he will reoffend).

[11] Nor can we ignore that Garcia received the advisory sentence for his convictions. Because the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence. *Fernbach*, 954 N.E.2d at 1089. We recognize that the trial court ordered Garcia's sentences to be served consecutively. However, this simply recognizes that Garcia committed two completely separate robberies which occurred several days apart and involved

different stores and different victims. *See O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001) (noting that the existence of multiple crimes or multiple victims may justify the imposition of consecutive sentences); *see also Myers v. State*, 27 N.E.3d 1069, 1082 (Ind. 2015) (holding that defendant's consecutive sentences were not inappropriate where there were multiple victims), *reh'g denied*.

[12] We acknowledge that, in aggregate, Garcia received a relatively severe sentence. However, this reflects both the serious nature of the crimes Garcia committed, armed robbery, and the fact that he committed two completely separate robberies, several days apart, involving different stores and different victims. In exercising our authority to review and revise sentences, our role is not to achieve what we perceive to be a "correct" result in each case, *Fernbach*, 954 N.E.2d at 1089, nor is it our role to decide whether another sentence would be more appropriate. *Former*, 876 N.E.2d at 344. Instead, the question before us is only whether the sentence imposed by the trial court was inappropriate. *Id*. It was not.

## Conclusion

[13] Considering both the nature of the offense and the character of the offender, and giving due consideration and deference to the trial court sentencing decision, we are unable to say that Garcia's sentence of eighteen years, with two years suspended to probation, is inappropriate.

[14] Affirmed.

Kirsch, J., and Altice, J., concur.