## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2017, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Appellate Division
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Olufeni Ani-Obot, *Appellant-Defendant,* | June 23, 2017 |
| | Court of Appeals Case No. 45A05-1701-CR-8 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Clarence D. Murray, Judge |
| | Trial Court Cause Nos. 45G02-1501-F6-4 45G02-1603-F6-41 |

**Bradford, Judge.**

# Case Summary

On February 22, 2016, Appellant-Defendant Richard Olufeni Ani-Obot knowingly or intentionally spat in an officer's face while the officer attempted to take him into custody. On March 1, 2016, Appellee-Plaintiff the State of Indiana charged Ani-Obot with battery by bodily waste, a Level 6 felony; public intoxication, a Class B misdemeanor; disorderly conduct, a Class B misdemeanor; resisting law enforcement, a Class A misdemeanor; and intimidation, a Level 6 felony. At the time of the offense, Ani-Obot was already participating in a pre-trial diversion program for multiple theft, fraud, and counterfeiting charges.

On October 28, 2016, the parties filed a stipulated plea agreement disposing of all pending charges. Pursuant to the terms of the agreement, Ani-Obot agreed to plead guilty to battery by bodily waste, a Level 6 felony, in exchange for the dismissal of all other pending charges. The parties also agreed there would be a maximum cap of two years of incarceration. The trial court held a sentencing hearing on December 2, 2016. Following the submission of evidence, the trial court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced Ani-Obot to two years of incarceration.

On appeal, Ani-Obot raises the following restated issues: whether the trial court abused its discretion in its findings regarding the mitigating and aggravating circumstances and whether the sentence was inappropriate in light of the nature of the offense and Ani-Obot's character. Because the trial court did not abuse

its discretion when it weighed the aggravating and mitigating circumstances and Ani-Obot's sentence is not inappropriate in light of the nature of the offense and Ani-Obot's character, we affirm.

# Facts and Procedural History

[4] On January 2, 2015, the State charged Ani-Obot in Cause No. 45G02-1501-F6-4 ("Cause No. F6-4") with: Count 1, Level 6 Felony fraud; Count II, Level 6 Felony attempted fraud; Count III, Level 6 Felony attempted fraud; Count IV, Level 6 Felony counterfeiting; Count V, Level 6 Felony forgery; Count VI, Level 6 Felony theft; and Count VII, Class A Misdemeanor attempted theft. Several days later, on January 8, 2016, the parties agreed to a stipulated pretrial diversion program for Ani-Obot. The trial court approved the agreement on January 13, 2016.

[5] On February 22, 2016, Officer Ridgway of the Merrillville Police Department was dispatched to an address in Lake County, Indiana to help a female. When Officer Ridgway arrived at the scene, he approached Ani-Obot. Ani-Obot, however, ran away from the officer. During the ensuing chase, Ani-Obot threw the female's telephone into a pond. Soon after, Officer Ridgway was able to catch Ani-Obot. However, Ani-Obot knowingly or intentionally spat in Officer Ridgway's face while Officer Ridgway tried to take Ani-Obot into custody.

[6] On March 1, 2016, the State charged Ani-Obot in Cause No. 45G02-1603-F6-41 ("Cause No. F6-41") with: Count 1, Level 6 Felony intimidation; Count II,

Level 6 Felony battery by bodily waste; Count III, Class A Misdemeanor criminal mischief; Count IV, Class A Misdemeanor intimidation; and Count V, Class B Misdemeanor disorderly conduct.

On October 28, 2016, the parties entered into a plea agreement covering both Cause No. F6-4 and Cause No. F6-41. Ani-Obot pled guilty pursuant to the plea agreement to Level 6 Felony battery by bodily waste in Cause No. F6-41. On December 1, 2016, the trial court accepted the plea agreement. Prior to sentencing, the trial court found that Ani-Obot's lengthy history of arrests and multiple drug related convictions to be aggravators. As for mitigators, the trial court found that Ani-Obot was likely to respond affirmatively to short term incarceration and that Ani-Obot admitted his guilt. The trial court subsequently sentenced Ani-Obot to two years of incarceration and the State dismissed the other charges in both causes.

# Discussion and Decision

## 1. Abuse of Discretion

Ani-Obot challenges his sentence on appeal, claiming that the trial court abused its discretion in sentencing him to two years of incarceration as opposed to only one year. We begin by noting that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances

before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91. In claiming that the trial court abused its discretion in sentencing him, Ani-Obot argues that the trial court improperly balanced the aggravating and mitigating circumstances. This is a request for us to reweigh the aggravators and mitigators which we will not do. *See Anglemyer*, 868 N.E.2d at 491. Moreover, based upon a review of the record, there was ample evidence to support the trial court's findings.

[9] Ani-Obot points to his employment history as a mitigator. However, other than what Ani-Obot told the probation officer, there is no evidence supporting his claims of employment nor is there information regarding his performance. Nevertheless, the fact that Ani-Obot has been regularly employed is not necessarily a significant mitigating factor. *See Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003) ("Many people are gainfully employed such that this

would not require the trial court to note it as a mitigating factor[.]”), *trans. denied*. The trial court did not abuse its discretion when it failed to find that Ani-Obot's employment history was a significant mitigating circumstance.

[10] Ani-Obot also argues that the trial court should have considered the fact that he has dependents and provides for them. However, according to the evidence, Ani-Obot admitted that he is not court-ordered to pay child support for his children. Ani-Obot has failed to produce any evidence that his incarceration would result in an undue hardship on his dependents. Moreover, even if there was evidence of undue hardship, a trial court is not required to consider it to be a mitigating circumstance. *Reese v. State*, 939 N.E.2d 695, 703 (Ind. Ct. App. 2011). "Many persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). The trial court did not abuse its discretion when it failed to find this as a mitigating circumstance.

[11] The trial court found two mitigating circumstances — that Ani-Obot would likely respond affirmatively to short term incarceration and he admitted his guilt by taking a plea deal. The collective weight of these mitigating factors does not outweigh the nature of the offense or the character of the offender. Moreover, the trial court imposed a sentence that was only one year above the advisory sentence. Given the aggravators mentioned above, such sentence was not an abuse of discretion.

# 2. Appropriateness of Sentence

Under Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing such claims, we "concentrate less on comparing the facts of the [case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentence, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotes and citations omitted). Ani-Obot, as the defendant, bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of the offense, Ani-Obot admitted in his plea agreement that he fled from a police officer and when arrested spit in the officer's face. While not a particularly egregious example of this crime, the record shows that Ani-Obot committed this offense while he was participating in a pre-trial diversion program for committing several fraudulent credit card transactions. In light of this, the nature of the offense is more deplorable that it would have been under different circumstances.

As for his character, Ani-Obot has an extensive history of arrests and contacts with the criminal justice system including, approximately thirty different charges resulting in multiple convictions. While a record of arrest may not be

properly considered as evidence of criminal history, "[s]uch information may be relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). Consequently, it was appropriate for the trial court to consider both Ani-Obot's previous convictions and his history of arrests as circumstances touching on his character. Based upon the above-mentioned evidence of Ani-Obot's character and nature of his offense, he has failed to establish that his sentence was inappropriate.

# Conclusion

[15] After reviewing the record, we conclude that the trial court did not abuse its discretion when it weighed the mitigating and aggravating factors. We also conclude that Ani-Obot failed to establish that his sentence is inappropriate in light of his character and the nature of his offense. Consequently, we affirm the trial court's judgment.

Najam, J., and Riley, J., concur.