## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 28 2018, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Ashley N. Guffey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 28, 2018

Court of Appeals Case No.
18A-CR-531

Appeal from the Henry Circuit Court

The Honorable David L. McCord, Judge

Trial Court Cause No.
33C02-1711-F6-523
33C03-1707-F6-351

**Tavitas, Judge.**

# Case Summary

[1] Ashley N. Guffey appeals her sentence, received pursuant to her guilty plea for theft and residential entry, Level 6 felonies, and operating while intoxicated, a Class A misdemeanor. We affirm.

# Issues

[2] The issues before us are as follows:

> I. Whether the trial court erred in failing to find Guffey's expression of remorse and her guilty plea to be significant mitigating factors.
>
> II. Whether Guffey's sentence is inappropriate in light of the nature of her offenses and her character.

# Facts

[3] On July 23, 2017, as Guffey wandered about the Dollar General store in Henry County, she placed a women's razor and miscellaneous makeup items into her pockets and bag. She also tucked a gray shirt into her waistband. Guffey then paid for a handful of items and exited the store without paying for the concealed items. Store employee, Jessica Harris, observed Guffey stealing the items and later found ripped store packaging in areas of the store where merchandise was missing. Harris flagged down Officer Nicholas Rhodes of the New Castle Police Department and described Guffey as having long blonde hair, wearing a purple top, carrying a bag, and walking down North 10th Street in New Castle.

[4] Officer Rhodes observed Guffey in the general vicinity of the store; she was carrying a Dollar General bag and matched the suspect's description. Officer Rhodes approached and asked to speak with Guffey. Guffey, who was holding a gray shirt with partially torn store tags, tucked the shirt into the Dollar General bag. Officer Rhodes asked if Guffey had just shopped at Dollar General; she responded that she had. Officer Rhodes advised Guffey that she matched the description of a shoplifting suspect and asked to see her sales receipt. Guffey indicated that she had one, but she failed to produce it.

[5] Officer Brandon Edstene arrived to assist Officer Rhodes and obtained Harris's account of the identified stolen items. The list included the gray shirt, razor, makeup items, and a bracelet. In addition to the gray shirt already seen in Guffey's possession, Guffey was wearing a bracelet that was visibly newer than others she wore. Also, several items, including a razor, were visible in her bag and pockets.

[6] Guffey told Officer Rhodes that another woman was in the store with her and had placed the items into her purse, insisting that Guffey take them. Guffey indicated that she complied because she was scared. Officer Rhodes arrested Guffey for theft, a Class A misdemeanor. A search incident to arrest revealed multiple items in Guffey's pockets. Officer Rhodes then took Guffey back to Dollar General, where Harris was reviewing surveillance footage. Harris identified Guffey as the thief and reported that Guffey had entered the store alone. Officer Rhodes searched Guffey's purse in front of Harris, who confirmed that Guffey had purchased five of the items. As to the razor and

remaining makeup items—some of which were sealed and bearing new merchandise tags—Harris identified them as stolen Dollar General merchandise that corresponded with the ripped store packaging left throughout the store.

[7]     During questioning, Guffey first claimed that the items were from her home, then she claimed that they were given to her by friends and, finally, she admitted that they were stolen. She later reiterated her claim that another woman had placed items into her purse and pressured her to steal them. Excluding the purchased items, Officer Rhodes recovered merchandise worth approximately $90 from Guffey's person and from her bag.

[8]     On July 26, 2017, in Cause Number 33C03-1707-F6-351, the State charged Guffey with theft, a Class A misdemeanor, and theft, a Level 6 felony due to a prior theft conviction.[1] Guffey entered into a plea agreement with the State on October 18, 2017. The trial court took the plea agreement under advisement. While the plea was under advisement, Guffey was charged with another offense.

[9]     On November 6, 2017, Guffey parked her van in the middle of Main Street in Spiceland, Indiana, exited the vehicle, and went into a nearby house that was owned by Melissa Johnson. A neighbor called the police because she suspected that Guffey was intoxicated. Sergeant Landon Dean responded to the call and

---

[1] In February 2016, Guffey was convicted of conversion, a Class A misdemeanor, in Cause Number 33C03-1602-CM-000104.

arrived at the scene as Guffey emerged from the house. She did not respond to his order to stop and continued to walk away. Officer Dean followed and stopped Guffey, whom he observed to be intoxicated. He administered field sobriety tests, which Guffey failed. Sergeant Dean then asked whether Guffey had taken any drugs. She replied that she had taken Xanax and Klonopan. Officer Dean read the Indiana Implied Consent Law to Guffey, and Guffey agreed to a chemical test. Officer Michael Rossiter assisted and interviewed Johnson, who reported that Guffey, whom she did not know, had entered her home without permission. Johnson reported that when she asked what Guffey was doing there, Guffey replied that she was looking for someone. Officer Rossiter arrested Guffey.

[10]   On November 7, 2017, in Cause Number 33C02-1711-F6-523, the State charged Guffey with residential entry, a Level 6 felony; operating a vehicle while intoxicated, a Class A misdemeanor; and public intoxication, a Class B misdemeanor. On November 16, 2016, the State withdrew its October 18, 2017 plea agreement in Cause Numbers 33C03-1610-F6-358 and 33C03-1707-F6-351, "due to [Guffey's] new arrest[.]" App. Vol. II p. 30.

[11]   On November 29, 2017, Guffey entered into a new plea agreement with the State that provided as follows:

> In consideration of the defendant Ashley N. Guffey, pleading
> guilty to the offense(s) of: Case No. 33C02-1711-F6-000523 –
> Count I: Residential Entry, Level 6 Felony and Count 2:
> Operating a Vehicle While Intoxicated, Class A Misdemeanor,
> and Case No. 33C03-1707-F6-000351 – Count 1: Theft, Class A

> Misdemeanor and admit to Theft Enhanced to a Level 6 Felony, the State agrees that if the Court accepts this agreement, the Court shall sentence defendant as follows:
>
> > Case No. 33C02-1711-F6-000523 – Sentencing shall be determined by the Court.
> >
> > Case No. 33C03-1707-F6-000351 – Sentencing shall be determined by the Court.
> >
> > Terminate suspended sentence in 33C03-1602-CM-000104 [Guffey's February 2016 conviction for conversion, as a Class A misdemeanor].
> >
> > The State will dismiss the following charge: Case No. 33C03-1610-F6-000358.[2]

*Id*. at 44. The trial court took the plea agreement under advisement and allowed Guffey to be released for drug and alcohol treatment at Sowers of Seeds Recovery House in New Castle, Indiana. Guffey was required to report back to jail after she completed treatment. On December 15, 2017, Guffey was remanded to the Henry County Jail due to her failure to complete treatment as ordered.

---

[2] In Cause Number 33C03-1610-F6-000358, the State alleged that Guffey committed theft, a Class A misdemeanor, and theft, a Level 6 felony, stemming from an October 2016 arrest.

[12]     On January 29, 2018, the trial court conducted a sentencing hearing on both

Cause Number 33C03-1707-F6-351 and Cause Number 33C02-1711-F6-523.  In

imposing sentence, the trial court made the following sentencing statement:

> On page 4 [of the Pre-Sentence Investigation Report], when it talks about alcohol and drug use, Mrs. Guffey has denied ever have [sic] a problem with alcohol.  Further, [she] report[s] that she does have a drug problem and has never used illegal, illegally used drugs.  It described that she reported [using] only drugs that . . . were prescribed to her, admitted to marijuana use and advised she only tried it once at age eighteen (18).  She also denied having been treated for substance abuse.  Now, I'm pretty one hundred percent (100%) positively sure that . . . earlier in the case, she was allowed to go to the Sowers of Seeds House and Program which is for drug use, so I will tell you, as I've entered this sentence, I'm a little boggled by that.

Tr. Vol. II p. 16.  The trial court then identified, as aggravating circumstances,

Guffey's prior criminal history and the fact that she was free on bond when she

committed the November 2017 offenses.  The court also found a lone "slight

mitigator" in that Guffey entered an open plea, but noted that "there was a

benefit given" because two of Guffey's pending cases were dismissed pursuant

to the plea agreement.  *Id.*

[13]     The trial court sentenced Guffey as follows:  regarding Cause Number 33C03-

1707-F6-351, Count II, theft, a Level 6 felony – two years in the Department of

Correction ("DOC"), with 180 days suspended to probation;[3] regarding Cause Number 33C02-1711-F6-523, Count I, residential entry, a Level 6 felony – two years in the DOC with 180 days suspended to probation; and, Count II, operating while intoxicated, a Class A misdemeanor – one year in the DOC. The court ordered the sentences on Counts I and II in Cause Number 33C02-1711-F6-523 to be served concurrently, and the sentences in Causes 33C02-1711-F6-523 and 33C03-1707-F6-351 to be served consecutively, noting that "these cases are mandatorily consecutive" because Guffey committed the crimes while she was released on bond. Tr. Vol. II p. 16. The trial court, thus, imposed an aggregate sentence of four years, with 360 days suspended to probation.[4] Guffey now appeals.

## Analysis

[14] Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a defendant, the trial court must enter a sentencing statement that includes "reasonably detailed

---

[3] The trial court merged Count I, theft, a Class A misdemeanor, into Count II, theft, a Level 6 felony, in Cause Number 33C03-1707-F6-351.

[4] Pursuant to the plea agreements, the State also dismissed the public intoxication count in Cause Number 33C02-1711-F6-523.

reasons or circumstances for imposing a particular sentence," *id.* at 491, and Indiana Code section 35-38-1-7.1 provides a non-exhaustive list of potential aggravating or mitigating circumstances. "[O]nce the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana.'" *Id.* (quoting I.C. § 35-38-1-7.1(d)).

### I.    Mitigating Factors

[15]   Guffey first argues that the trial court failed to recognize her expression of remorse as a significant mitigating factor. "Our courts have recognized remorse as a valid mitigating circumstance." *Cotto v. State,* 829 N.E.2d 520, 526 (Ind. 2005). A trial court, however, is under no obligation to accept a defendant's alleged remorse as a mitigating circumstance. *Phelps v. State,* 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), *trans. denied.* "We recognize that substantial deference must be given to a trial court's evaluation of remorse." *Sharkey v. State,* 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012).

[16]   Here, Guffey made the following statement at her sentencing hearing:

> I would just like to go home. I am a changed person. I will do everything that I need to do. I, I am trying to get my children back so please have mercy on my soul, Your Honor. I will do everything right. I am a good person and I am clean and sober and I am so sorry for everything. I apologize and thank you, please, have mercy on my soul. Thank you.

Tr. Vol. II pp. 15-16. The trial court was apparently unpersuaded by Guffey's expression of remorse. The determination of how much weight, if any, to give to Guffey's expression of remorse is a matter for the trial court. We are not in the position to assess credibility. *See Phelps v. State,* 914 N.E.2d 283, 293 (Ind. Ct. App. 2009) ("Remorse, or lack thereof, by a defendant is something better guarded by a trial judge who views and hears a defendant's apology and demeanor firsthand and determines the defendant's credibility."); *see also Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009) ("[O]ur review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination."), *trans. denied*.

[17] Guffey also contends that the trial court failed to find her guilty plea to be a significant mitigating factor. We acknowledge, as did the trial court, that a defendant who pleads guilty deserves to have at least some mitigating weight extended to the guilty plea in return. *See Cotto v. State,* 829 N.E.2d 520, 525 (Ind. 2005). The extent to which a guilty plea is mitigating, however, will vary from case to case. *See Hope v. State,* 834 N.E.2d 713 (Ind. Ct. App. 2005). As has been frequently observed, "a plea is not necessarily a significant mitigating factor." *See Cotto,* 829 N.E.2d at 525. Specifically, "a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. Here, as the trial court

noted in its sentencing remarks, Guffey entered an open plea agreement; however, she derived a considerable benefit in that the State dismissed two of her pending cases. The trial court did not abuse its discretion in declining to find Guffey's guilty plea to be a significant mitigating factor.

## II. *Appropriateness of Sentence*

[18] Lastly, Guffey contends that her sentence is inappropriate and requests that we reduce her sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[19] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). The principal role of appellate review is to attempt to "leaven the outliers." *Cardwell,* 895 N.E.2d at 1225. Whether we regard a sentence as inappropriate turns upon "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[20]     We consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

[21]     In order to assess the appropriateness of a sentence, we first look to the statutory ranges established for the classification of the relevant offense. Guffey pleaded guilty to two Level 6 felonies and a Class A misdemeanor. The sentence for a Level 6 felony ranges from six months to two and one-half years, with an advisory sentence of one year. Here, the trial court imposed two-year sentences for each of Guffey's Level 6 felony convictions. The maximum sentence for a Class A misdemeanor is one year; the trial court imposed a one-year sentence, but ordered it served concurrently with one of Guffey's Level 6 felony sentences. Thus, Guffey faced a maximum sentence of six years, but the trial court imposed an aggregate four-year sentence plus 360 days suspended to probation.

[22]     We turn to Guffey's arguments regarding her character and the nature of her offenses. As to the nature of the offenses, Guffey contends that "there is no evidence that the offense itself was especially egregious." Appellant's Br. p. 9.

Additionally, she maintains that the probable cause affidavits "do not indicate anyone was hurt" or that property was damaged. Appellant's Br. p. 9. Guffey stole merchandise from Dollar General, fled, and, despite being confronted with stolen merchandise in-hand, she repeatedly lied to the police. She fabricated an accomplice and claimed to have a receipt, which she failed to produce. Months later, while Guffey was released on bond for drug and alcohol treatment, she was charged with theft and residential entry, Level 6 felonies, and operating while intoxicated, a Class A misdemeanor.

[23] Regarding Guffey's character, her criminal history reflects poorly on her character. Her criminal record includes convictions for possession of a schedule I, II, III, or IV controlled substance, as a Class D felony; conversion, as a Class A misdemeanor; and theft, as a Level 6 felony (enhanced from Class A misdemeanor). The pre-sentence investigation report ("PSI") reveals multiple arrests for theft and, pursuant to the plea agreement, Guffey has admitted to multiple thefts, which are considered crimes of dishonesty. While she was free on bond, she committed new offenses, including driving under the influence and endangering others. The PSI also states that Guffey denies having drug or alcohol dependency issues, despite being remanded to Sowers of Seeds Counseling, an intensive outpatient program for substance addiction treatment. She has been afforded multiple opportunities to reform her behavior, but has failed to take proper advantage of these opportunities. Under the circumstances, we are not persuaded that her sentence is inappropriate.

# Conclusion

[24] The trial court did not abuse its discretion in failing to find Guffey's expression of remorse and her guilty plea to be significant mitigating factors. Her sentence is not inappropriate in light of the nature of her offenses and her character. We affirm.

[25] Affirmed.

Brown, J., and Altice, J., concur.