## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 02 2019, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin S. Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eloy Salinas, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 2, 2019 <br><br> Court of Appeals Cause No. 18A-CR-2558 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable James D. Worton, Judge <br><br> Trial Court Cause No. 03D01-1804-F4-1896 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Eloy Salinas Jr (Salinas), appeals his sentence following his guilty plea to unlawful possession of a firearm by a serious violent felon (SVF), a Level 4 felony, Ind. Code § 35-47-4-5(c).

We affirm.

# ISSUE

Salinas presents a single issue on appeal, which we restate as: Whether Salinas' sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On April 6, 2018, while inside a Wal-Mart in Bartholomew County, Indiana, a loss prevention employee saw Salinas. The loss prevention employee knew Salinas from previous encounters and knew that Salinas had an active warrant for his arrest. The loss prevention employee contacted the Columbus Police Department before Salinas left the store. When the officers arrived, they approached Salinas and requested to see his identification. While the officers ran Salinas' information through dispatch to confirm the warrant, they asked him to put his hands over his head. The officers saw that Salinas had a knife in his front pocket, and a black 9 mm handgun tucked in his front pocket. When the officers asked Salinas if he had a license to carry the firearm, Salinas indicated that he did not have a permit. After they secured Salinas in handcuffs, they directed him to the loss prevention office. Upon further investigation, inside Salinas' jacket pocket, the officers located $1,768 in cash.

Additionally, his wallet contained a folded up $100 bill containing a clear rock substance, which was later determined to be methamphetamine. At the time Salinas was taken into custody, he had previously been convicted of Level 5 felony robbery, and he was disqualified from possessing a firearm.

[5] On April 9, 2018, the State filed an Information, charging Salinas with Level 4 felony unlawful possession of a firearm by a SVF, and Level 6 felony possession of methamphetamine. On August 28, 2018, Salinas pleaded guilty to the Level 4 felony unlawful possession of a firearm by a SVF. Also, pursuant to the plea agreement, the State dismissed the Level 6 felony possession of methamphetamine, and a pending petition to revoke probation for the Level 5 felony robbery under a separate Cause. On September 25, 2018, the trial court conducted a sentencing hearing and sentenced Salinas to a term of ten years in the Department of Correction (DOC).

[6] Salinas now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[7] Salinas claims that his ten-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of the offense" compares the defendant's actions with the required showing to sustain a conviction under the charged

offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id*.

[8] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012*)*. For his Level 4 felony unlawful possession of a firearm by a SVF, Salinas faced a sentencing range of two to twelve years, with the advisory sentence being six years. I.C. § 35-50-2-5.5. Salinas was sentenced to ten years.

[9] We first examine the nature of Salinas' offense. Salinas argues that "he had the weapon tucked in the waist of his pants and he had just purchased it prior to his arrest because of fear for his life." (Appellant's Br. p. 9). He also argues that "there is nothing particularly heinous or egregious about the way the firearm was possessed." (Appellant's Br. p. 9). Salinas had a prior conviction in 2015 for a Level 5 felony robbery, which was the predicate offense for the underlying SVF charge. Despite his status as a convicted felon and his knowledge that he

was prohibited from possessing firearms, Salinas was carrying a loaded 9mm handgun in his waistband.

[10] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. While a record of arrests may not be used as evidence of criminal history, it can be "relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005).

[11] Salinas' juvenile criminal history involves five prior adjudications between 2009 and 2011 in Kentucky for possession of marijuana, assault with minor injury, public intoxication, domestic violence, and burglary. As an adult, in 2014, Salinas was charged and convicted in Bartholomew County for Class C misdemeanor illegal consumption of alcohol. In 2015, he was charged with Class A misdemeanor conversion, however, the State later dismissed that charge. In 2015, Salinas was convicted of Level 5 felony robbery. Pursuant to a guilty plea, Salinas was sentenced to five years in the DOC with one year suspended to probation. At the time Salinas committed the instant offense, he was on probation for the Level 5 felony robbery conviction, and was prohibited from carrying a firearm. Salinas' violation of probation conditions suggests that he is not a person who respects either the law or the court's authority.

[12]     Salinas' alcohol and substance abuse also reflects poorly on his character. In the presentencing investigation report, Salinas admittedly stated that he began abusing drugs at age fourteen. Salinas indicated that his first choice of daily drug is marijuana and his second choice is methamphetamine. Salinas added that in the past, he had also used and experimented with the following drugs: alcohol, LSD, heroin, cocaine, valium, Ecstasy, and OxyContin. As for alcohol, Salinas began drinking alcohol at age fourteen and his last reported use was in 2015.

[13]     Salinas claims that the trial court should have recognized his addiction to drugs as a mitigating factor, and on appeal, he is requesting a reduction of his sentence because he was aware of his drug problem and had previously attempted to receive treatment. This court has recognized that a history of substance abuse may be a mitigating circumstance; however, when a defendant is aware of the problem but has not taken appropriate steps to treat it, the trial court can properly reject substance abuse as a mitigating circumstance. *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009). The facts show that Salinas had previously received substance abuse treatment during one of the many times he was imprisoned through the purposeful incarceration program. When the trial court questioned Salinas about the substance abuse treatment he received through the purposeful incarceration program, Salinas testified as follows:

> I mean it was a good program, but I got out, I was doing good
> for a while and think the main thing [that] happened was, I

wasn't following through with treatment. Like, after I got out of
. . . of the program it's all about . . . if you don't want help
nothing is going to help you, but if you honestly want a change
then you can.

(Sent. Tr. p. 28). Despite being offered drug treatment through the purposeful incarceration program, Salinas failed to follow through with his treatment and he returned to his former drug habits and only stopped after he was incarcerated for his current offense.

[14] In light of the foregoing, we decline to find that Salinas' ten-year sentence is inappropriate in light of the nature of the offense and his character.

# CONCLUSION

[15] In sum, we conclude that Salinas' sentence is not inappropriate in light of the nature of the offense and his character.

[16] Affirmed.

[17] Bailey, J. and Pyle, J. concur