## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2020, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ronald Lawrence-Parker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2020

Court of Appeals Case No.
19A-CR-3031

Appeal from the Vermillion Circuit Court

The Honorable Jill Wesch, Judge

Trial Court Cause No.
83C01-1903-F2-1

**May, Judge.**

[1] Ronald Dale Lawrence-Parker challenges his fourteen-year sentence for Level 4 felony possession of methamphetamine.[1]  Lawrence-Parker argues his sentence is inappropriate in light of his character and the nature of his offense.  We affirm.

## Facts and Procedural History

[2] On March 13, 2019, officers from the Clinton City Police Department assisted West Central Community Corrections agents in conducting a home check on Lawrence-Parker, who was on pre-trial release through Vigo County Community Corrections for separate charges, which included Level 2 felony dealing  in methamphetamine with an amount of ten or more grams,[2] Level 4 felony possession of methamphetamine,[3] Level 4 felony unlawful possession of a firearm by a serious violent felon,[4] Level 6 felony maintaining a common nuisance,[5] and Class B Misdemeanor possession of marijuana.[6]  Officers began to search Lawrence-Parker's mobile home, and he stood in the living room under the supervision of two officers.  When one of the officers turned his back, Lawrence-Parker ran into the kitchen and attempted to conceal something inside a trashcan.  Stuffed inside the trashcan the officers found three clear

---

[1] Ind. Code §§ 35-48-4-6.1(a) & (c)(1).

[2] Ind. Code § 35-48-1.1(a)(2).

[3] Ind. Code § 35-48-4-6.1(a).

[4] Ind. Code § 35-47-4-5(c).

[5] Ind. Code § 35-45-1-5(c).

[6] Ind. Code § 35-48-4-11(a)(1).

plastic bags of a crystal-like substance, which Lawrence-Parker later admitted was methamphetamine, along with a smoking device and digital scales. In total, the officers recovered twenty-and-a-half grams of methamphetamine from the kitchen trashcan in Lawrence-Parker's house.

[3] On March 14, 2019, the State charged Lawrence-Parker with Level 2 felony dealing in methamphetamine[7] and Level 4 felony possession of methamphetamine. The State also alleged that Lawrence-Parker was a habitual offender.[8] Lawrence-Parker pled guilty to the Level 4 felony possession of methamphetamine charge and also admitted his habitual offender status in exchange for the State's dismissal of the Level 2 felony charge. Pursuant to the terms of his plea, Lawrence-Parker agreed that his resulting sentence from the present charges would be served consecutive to any additional, unrelated sentence adjudicated separately in other pending criminal actions against him.

[4] After a hearing on November 15, 2019, the trial court sentenced Lawrence-Parker to eight years for the Level 4 felony possession of methamphetamine conviction, with an enhancement of six years as a result of his habitual offender status, for an aggregate executed term of fourteen years.[9] In making its

---

[7] Ind. Code § 35-48-4-1.1(a)(2).

[8] Ind. Code § 35-50-2-8.

[9] We note that Lawrence-Parker, in his appeal, erroneously views his present sentence as a twenty-four year term, and at one point, he refers to it as a thirty-four year sentence. (Br. of Appellant at 6, 8.) Pursuant to the terms of his plea agreement, Lawrence-Parker agreed to serve his present sentence consecutive to the sentence imposed in Cause Number 84D01-1807-F2-2334. However, this appeal concerns only Cause Number 83C01-1903-000001, and we therefore evaluate only the fourteen-year sentence imposed herein.

decision, the trial court acknowledged and took into consideration three mitigating factors introduced by Lawrence-Parker, including his experience of childhood trauma, his medical issues that could impose a hardship on him during incarceration, and his guilty plea. The trial court concluded the aggravating circumstance of his criminal history outweighed the mitigating factors and warranted an enhanced sentence.

# Discussion and Decision

[5] We will reverse Lawrence-Parker's sentence as inappropriate only if we determine it is inappropriate in light of both the nature of his offense and his character. *See* Ind. Appellate Rule 7(B) ("The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."). The nature of offense analysis compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008), while the character of the offender analysis permits a broader consideration of a defendant's character. *Douglas v. State,* 878 N.E.2d 873, 881 (Ind. Ct. App. 2007).

[6] Ultimately, our determination of appropriateness "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224. The task at hand is not to evaluate whether another

sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *Barker v. State,* 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied.* The defendant ultimately bears the burden of demonstrating the inappropriateness of the sentence. *Patterson v. State,* 909 N.E.2d 1058, 1063 (Ind. Ct. App. 2009).

[7] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Level 4 felony is six years, with a sentencing range from two to twelve years. Ind. Code § 35-50-2-5.5. When attached to a Level 4 felony, the enhancement for a habitual offender adjudication can be six to twenty years. Ind. Code § 35-50-2-8(i)(1). Accordingly, the minimum sentence Lawrence-Parker could have received was eight years, and the maximum possible sentence was thirty-two years. The court sentenced Lawrence-Parker to fourteen years, which is only two years above a minimally-enhanced advisory sentence for a Level 4 felony committed by a habitual offender.

[8] One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State,* 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied.* Lawrence-Parker's offense occurred while he was serving pre-trial home detention for similar charges. Further, the amount of methamphetamine found

in Lawrence-Parker's possession was twenty-and-a-half grams, which is toward the higher end of the permitted range of ten to twenty-eight grams necessary for a Level 4 felony possession of methamphetamine charge. While not egregious, we hold the nature of Lawrence-Parker's offense warrants a sentence beyond the advisory because it was committed while he was on home detention for pre-trial release for another offense. *See Barber v. State*, 863 N.E.2d 1199, 1208 (Ind. Ct. App. 2007) (the commission of an offense while on probation is a "significant aggravator"), *trans. denied*.

[9] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). However, the extent to which a defendant's criminal history is relevant "varies based on the gravity, nature, and number of prior offenses as they relate to the current offense," *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005), and repeated contacts with the criminal justice system reflect poorly on the defendant's character, because such contacts suggest the defendant "has not been deterred [from further criminal behavior] even after having been subjected to the police authority of the State." *Id*.

[10] This present offense is Lawrence-Parker's eleventh felony conviction, and he committed this crime while on pre-trial release. Since 1999, Lawrence-Parker has been convicted of three counts of Class B felony burglary,[10] Class D felony

---

[10] Ind. Code § 35-43-2-1.

confinement,[11] three counts of Class D felony theft,[12] Class C felony carrying a handgun without a license,[13] Class A misdemeanor resisting law enforcement,[14] and Class C misdemeanor operating a motor vehicle without receiving a license;[15] in sum, Lawrence-Parker's criminal history totals two misdemeanor and nine felony convictions. Based on Lawrence-Parker's record, it is evident that he has a propensity toward crime involving violence and drugs, and that he has not been deterred from continuing a pattern of criminal behavior through prior punishment. *See Speer v. State*, 995 N.E.2d 1, 14 (Ind. Ct. App. 2013) (sentences higher than the advisory not inappropriate based on defendant's extensive criminal history for similar offenses), *trans. denied*. Although Lawrence-Parker attempts to emphasize that prior to 2018 he had a period of sobriety and refrained from criminal behavior, we are not persuaded that this sheds a persuasively positive light on his character given his pattern of criminal behavior since then.

[11] Lawrence-Parker also argues his sentence is inappropriate given his unpleasant childhood and the hardship his incarceration will impose due to his medical condition. However, childhood trauma does not excuse a defendant's decision to engage in criminal behavior or eliminate his responsibility for committing

---

[11] Ind. Code § 35-42-3-3(a)(1).

[12] Ind. Code § 35-43-4-2(a).

[13] Ind. Code § 35-47-2-23(c)(2)(B).

[14] Ind. Code § 35-44-3-3(a)(3).

[15] Ind. Code § 9-24-18-1.

criminal offenses. *See Connor v. State*, 58 N.E.3d 215 (Ind. Ct. App. 2016) (defendant argued that in light of his difficult early childhood, consequent later development of behavioral and mental health issues, and substance abuse problems, the court's sentence was inappropriate given defendant's character; the court acknowledged that, although the case was tragic, his sentence was appropriate given defendant's charge for a similar previous offense). With respect to Lawrence-Parker's medical condition, we recognize the trial court is not required to assign the same weight to the mitigating factors as did Lawrence-Parker. *Allen v. State*, 722 N.E.2d 1246, 1251 (Ind. Ct. App. 2000). Despite these additional circumstances, we see nothing inappropriate about Lawrence-Parker's sentence in light of his character and continued inclination toward criminal behavior.[16]

# Conclusion

[12] Lawrence-Parker's fourteen-year sentence is not inappropriate given the nature of his offense and his character. Lawrence-Parker committed the current offense while serving pre-trial release home detention for a similar offense. In

---

[16] Lawrence-Parker attempts to argue the trial court did not give sufficient credence to all four of his proposed mitigating factors. As the task of the reviewing court is not to reweigh mitigating factors or second-guess the trial court's balancing of those factors, and because Lawrence-Parker did not assert the trial court abused its discretion in the finding of mitigators, we decline to consider Lawrence-Parker's arguments pertaining to his history of substance abuse or his undiagnosed post-traumatic stress. *See Smith v. State,* 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) (defendant's failure to fully develop a cogent argument results in waiver of the issue on appeal), *trans. denied; and see* Ind. Appellate Rule 46(A)(8)(a) (party must support arguments with relevant case law).

addition, Lawrence-Parker's character demonstrates a continued, undeterred propensity to criminal behavior. Accordingly, we affirm his sentence.

[13] Affirmed.

Robb, J., and Vaidik, J., concur.